**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

PRIVATETAG INNOVATIONS LLC,   )
      )
    Plaintiff,    )
      )
v.      )   Civil Action No.2:26-cv-224
      )
O'REILLY GROUP, LLC   )   **JURY TRIAL DEMANDED**
      )
    Defendant.    )
_____)

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff PrivateTag Innovations LLC ("Plaintiff") files this Complaint for Patent Infringement and states as follows:

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas and having a principal place of business at 3616 Far West Blvd., Suite 117-248, Austin, TX 78731.

2. On information and belief, Defendant O'Reilly Group, LLC is a limited liability company organized and existing under the laws of Texas and having a principal place of business at 3400 Silverstone Drive #118, Plano, TX 75023. Defendant also has established places of business (each operating a McDonald's restaurant) located in this Judicial District, including but not limited to the following:

(a) 1803 NW Loop 281, Longview, TX 75604;

(b) 408 E Marshall Ave., Longview, TX 75601;

(c) 128 W Loop 281, Longview, TX 75601;

(d) 3086 N Eastman Rd, Longview, TX 75605;

(e) 3632 Estes Parkway, Longview, TX 75603;

(f) 3200 Eldorado Parkway, McKinney, TX 75070;

(g) 104 Central Expy., Allen, TX 75013;

(h) 815 S. Allen Heights Dr., Allen, TX 75002;

(i) 370 E. Stacy Road, Allen, TX 75002;

(j) 1317 W. White St., Anna, TX 75409;

(k) 102 S US Hwy 69, Leonard, TX 75452;

(l) 1400 N Wood St., Gilmer, TX 75644;

(m) 701 W. Spring Creek Pkwy., Plano, TX 75023;

(n) 3957 Legacy Dr., Plano, TX 75023;

(o) 4005 W. Parker Rd., Plano, TX 75093;

(p) 2205 McDermott Rd., Plano, TX 75025;

(q) 6201 Independence Pkwy., Plano, TX 75023; and

(r) 3880 SH 121, Plano, TX 75024.

On information and belief, Defendant may be served with summons and Complaint by serving same on its member and registered agent Henry Charles O'Reilly at 3400 Silverstone, #118, Plano, TX 75023.

## JURISDICTION AND VENUE

3. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4. This Court has personal jurisdiction over the Defendant because it has minimum contacts with the State of Texas, and has purposefully availed itself of the privileges of conducting business in the State of Texas. For example, on information and belief, Defendant has, directly or through intermediaries, used infringing products in the State of Texas and this Judicial District. On information and belief, Defendant has derived substantial revenues from infringing acts occurring within the State of Texas and within this District. Plaintiff's cause of action arises directly from the Defendant's patent-infringing activities in the State of Texas and this District.

5. Venue is proper in this Court with respect to Defendant pursuant to 28 U.S.C. § 1400(b) because, on information and belief, it has committed acts of infringement and maintains a regular and established place of business in this Judicial District.

## FACTUAL BACKGROUND

6. Plaintiff is the owner of record and assignee of United States Patent No. 7,952,481 ("the '481 patent") and has standing to sue and recover all past damages for infringement of the '481 patent.

7. The '481 patent, entitled "Systems and Methods for RFID Security," was duly and legally issued on May 31, 2011, with a patent term adjustment of nine (9) days. The '481 patent claims priority to a U.S. patent application that was filed on March 21, 2006. A true and correct copy of the '481 patent is attached as **Exhibit A** and incorporated herein by reference.

8. Plaintiff is the owner of record and assignee of United States Patent No. 9,628,466 ("the '466 patent") and has standing to sue and recover all past damages for infringement of the '466 patent.

9. The '466 patent, entitled "Systems and Methods for Performing Secure Financial Transactions," was duly and legally issued on April 18, 2017. The '466 patent claims priority to a U.S. patent application that was filed on March 21,

4

2006. A true and correct copy of the '466 patent is attached as **Exhibit B** and incorporated herein by reference.

10. Plaintiff is the owner of record and assignee of United States 10,623,392 ("the '392 patent") and has standing to sue and recover all past damages for infringement of the '392 patent.

11. The '392 patent, entitled "Systems and Methods for RFID Security," was duly and legally issued on April 14, 2020. The '392 patent claims priority to a U.S. patent application filed on March 21, 2006. A true and correct copy of the '392 patent is attached as **Exhibit C** and incorporated herein by reference.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,942,481

12. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

13. Defendant has directly infringed and continues to directly infringe at least claim 1 of the '481 patent, either literally or under the doctrine of equivalents, in connection with its use (by and within at least each one of the McDonald's restaurant stores identified above) of an NP6 POS terminal in each of the McDonalds' stores which is designed to implement an electronic method of communication between the McDonald's mobile application used for ordering and payment and servers and backend payment systems used by and on behalf of each

McDonald's store), also referred to as the McDonald's Contactless Payment System (the "Accused Device"), as detailed in the preliminary claim chart attached hereto as **Exhibit D** and incorporated herein by reference.

14. On information and belief, the payment method used by the Defendant in each payment-related transaction has performed all steps of the asserted claim at the direction and/or for the benefit of the Defendant, or, alternatively, to the extent a third party performed any step, Defendant has conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. On information and belief, a third party could not use the accused functionality without performance of the steps recited in the asserted claim. By facilitating the use of the method at the restaurant point of sale, Defendant has also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused functionality involving the Accused Device, the steps of the asserted claim must be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not be available to third parties.

15. Moreover, Plaintiff put Defendant on written notice of its claim of infringement of the '481 Patent prior to filing suit, and service of the Complaint in this matter constitutes further notice of infringement to the Defendant.  At least since receiving notice of its infringement by letter and by service of Plaintiff's

complaint, on information and belief, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '481 patent, literally or by the doctrine of equivalents, by using the Accused Device in a manner that directly infringes during normal operation.

16. Defendant's infringing activities have been without authority or license under the '481 patent.

17. Because the asserted claim 1 of the '481 patent is a method claim, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

18. Plaintiff has been damaged by Defendant's infringement of the '481 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,628,466

19. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

20. Defendant has directly infringed and continues to directly infringe at least method claim 15 of the '466 patent, either literally or under the doctrine of equivalents, in connection with the use of the Accused Device by at least each of

the McDonald's restaurants which it operates, including the restaurants identified above, as detailed in the preliminary claim chart attached hereto as **Exhibit E** and incorporated herein by reference.

21. On information and belief, the payment method used by the Defendant in each payment-related transaction has performed all steps of the asserted claim at the direction and/or for the benefit of the Defendant, or, alternatively, to the extent a third party performed any step, Defendant has conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. On information and belief, a third party could not use the accused functionality without performance of the steps recited in the asserted claim. By facilitating the use of the method at the restaurant point of sale, Defendant has also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused functionality involving the Accused Device, the steps of the asserted claim must be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not be available to third parties.

22. Defendant's infringing activities have been without authority or license under the '466 patent.

23. Because the asserted claim 15 of the '466 patent is a method claim, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

24. Moreover, Plaintiff put Defendant on written notice of its claim of infringement of the '466 Patent prior to filing suit, and service of the Complaint in this matter constitutes further notice of infringement to the Defendant.  At least since receiving notice of its infringement by letter and by service of Plaintiff's complaint, on information and belief, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '466 patent, literally or by the doctrine of equivalents, by using the Accused Device in a manner that directly infringes during normal operation.

25.  Plaintiff has been damaged by Defendant's infringement of the '466 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 10,623,392**

26. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

27. Defendant has directly infringed and continues to directly infringe at least claim 1 of the '392 patent, either literally or under the doctrine of equivalents, in connection with its use (by and within at least each one of the McDonald's restaurant stores identified above) of the Accused Device, as detailed in the preliminary claim chart attached hereto as **Exhibit F** and incorporated herein by reference.

28. The payment method used by the Defendant in each payment-related transaction has performed all steps of the asserted claim at the direction and/or for the benefit of the Defendant, or, alternatively, to the extent a third party performed any step, Defendant has conditioned the third party's use of the functionality of the accused instrumentalities described herein on the performance of that step. On information and belief, a third party could not use the accused functionality without performance of the steps recited in the asserted claim. By facilitating the use of the method at the restaurant point of sale, Defendant has also controlled the manner and/or timing of the functionality. In other words, for a third party to utilize the accused functionality involving the Accused Device, the steps of the asserted claim must be performed in the infringing manner. Otherwise, the accused functionality (and the corresponding benefit) would not be available to third parties.

29. Defendant's infringing activities have been without authority or license under the '392 patent.

30. Because the asserted claim 1 of the '392 patent is a method claim, the marking requirement of 35 U.S.C. § 287 does not apply. Therefore, Plaintiff has complied with all applicable requirements of § 287 such that it is entitled to past damages for infringement.

31. Moreover, Plaintiff put Defendant on written notice of its claim of infringement of the '392 Patent prior to filing suit, and service of the Complaint in this matter constitutes further notice of infringement to the Defendant.  At least since receiving notice of its infringement by letter and by service of Plaintiff's complaint, on information and belief, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '392 patent, literally or by the doctrine of equivalents, by using the Accused Device in a manner that directly infringes during normal operation.

32. Plaintiff has been damaged by Defendant's infringement of the '392 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

### JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

11

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

(1)   Entry of judgment that Defendant has infringed at least one claim of the '481 patent, the '466 patent, and the '392 patent;

(2)   Damages in an amount to be determined at trial for Defendant's infringement, which amount cannot be less than a reasonable royalty, and an accounting of all infringing acts, including but not limited to those acts not presented at trial;

(3)   An award of Plaintiff's reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285;

(4)   Pre-judgment and post-judgment interest on the damages assessed; and

(5)   Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

DATED this 18th day of March, 2026.

RESPECTFULLY SUBMITTED,

By:   */s/ Steven G. Hill*
Steven G. Hill
Georgia Bar No. 354658
HILL, KERTSCHER & WHARTON, LLP
3625 Cumberland Blvd., SE
Suite 1050

12

Atlanta, Georgia 30339-6406
Phone: (770) 953-0995
Email: sgh@hkw-law.com

***Counsel for Plaintiff***

13